UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABDUL ALI KARIM-RASHID, A/K/A/
ANTHONY SALGADO, JR., A/K/A
VINCENT DELGADO,

        Plaintiff,

  -vs-

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
*et al.*,

        Defendants.

**1:16-CV-00340-MAT**
**DECISION AND ORDER**

---

## I.   Introduction

Plaintiff Abdul Ali Karim-Rashid ("Plaintiff"), an inmate formerly in the custody of the New York State Department of Corrections and Community Services ("DOCCS") and currently in the custody of the Federal Bureau of Prisons (the "BOP"), commenced the instant action on April 29, 2016, alleging that he had been denied the right to practice his Muslim faith while housed at various DOCCS facilities, in violation of his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* Docket No. 1. On July 14, 2016, then-presiding District Judge Richard J. Arcara referred this matter to Magistrate Judge Leslie G. Foschio to hear and report upon dispositive motions for the consideration of the district judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Docket No. 10.

Defendants subsequently filed a motion to dismiss the complaint for lack of jurisdiction. Docket No. 12. Plaintiff opposed the motion and, on August 7, 2017, Judge Foschio issued a Report and Recommendation (the "R&R") (Docket No. 25) recommending that Defendants' motion be granted and the complaint be dismissed. Plaintiff timely filed objections to the R&R. Docket No. 27.

For the reasons discussed below, the Court finds no error in Judge Foschio's R&R, and therefore adopts it in its entirety.

**II. Discussion**

    **A.    Standard of Review**

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *E.g., Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B. Defendants' Motion and the R&R**

On August 18, 2016, Defendants moved to dismiss the complaint for lack of jurisdiction. The factual background underlying the motion to dismiss is set forth in detail in the R&R, familiarity with which is presumed, and is repeated here only as necessary.

Defendants argue in the motion to dismiss that this Court lacks subject matter jurisdiction over the instant dispute because Plaintiff's release from DOCCS' custody on August 5, 2016 mooted his requests for injunctive and declaratory relief. In opposition, Plaintiff argues that, pursuant to the terms of a detainer issued by DOCCS, if he is released from federal custody prior to August 5, 2021[1], he will be returned to a DOCCS facility, where there is a reasonable likelihood that he will again be deprived of his religious liberties. Accordingly, Plaintiff contends that his claims are not moot and that the Court retains subject matter jurisdiction.

In the R&R, Judge Foschio considered the parties' arguments and found that Plaintiff had failed to establish that he was had a reasonable expectation of being subject to RLUIPA violations by the Defendants upon being returned to DOCCS' custody. In particular, Judge Foschio found that, by its own terms, the detainer issued by DOCCS provided that Plaintiff would be returned to Wende

---

[1] Plaintiff is currently scheduled to be released from the BOP's custody on May 27, 2018. *See* Docket No. 27-2 at 2.

Correctional Facility ("Wende") solely for the purpose of being transferred to a residential treatment facility ("RTF") for six months, and that there is no evidence in the record that Plaintiff would be detained at Wende for any meaningful length of time, nor is there any evidence that the alleged RLUIPA violations would occur at an RTF.
Accordingly, Judge Foschio recommended that Defendants' motion be granted and that the matter be dismissed for lack of subject matter jurisdiction.

### C. Plaintiff's Objections

Plaintiff raises the following arguments in his objections to the R&R: (1) Judge Foschio incorrectly concluded that he was unlikely to be detained at Wende for a meaningful length of time; (2) Judge Foschio incorrectly concluded that Plaintiff's religious rights would not be violated at an RTF; and (3) Plaintiff should have been given the opportunity to conduct limited jurisdictional discovery. For the reasons discussed below, the Court, having reviewed the record *de novo*, finds these arguments meritless.

#### 1. Legal Framework

As Judge Foschio discussed at length in the R&R, "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66,

71 (2013) (internal quotation omitted). As such, "[w]hen the parties lack a legally cognizable interest in the outcome of a case, it is moot and the federal courts lack jurisdiction." *Muhammad v. City of New York Dep't of Corr.*, 126 F.3d 119, 122-23 (2d Cir. 1997). In the context of litigation related to a prisoner's conditions of confinement, transfer or release from the allegedly offending facility generally renders a request for injunctive or declaratory relief moot. *See, e.g., Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Colman v. Goord*, 2 F. App'x 170, 171 (2d Cir. 2001).

There is an exception to the mootness doctrine where the alleged wrongdoing is "capable of repetition, yet evading review." *Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (internal quotation omitted). The party asserting this exception bears the burden of establishing its applicability, and must demonstrate that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation [or a demonstrated probability] that the same complaining party would be subjected to the same action again." *Id*. (internal quotation omitted and alteration in original). The "capable of repetition, yet evading review" exception applies "only in exceptional situations." *Muhammad*, 126 F.3d at 123 (internal quotation omitted).

### 2. Plaintiff's Claims are Moot

RLUIPA does not authorize claims for money damages, but instead limits a plaintiff to seeking injunctive or declaratory relief. *See Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014). As such, and following the general rule in this Circuit, Plaintiff's release from DOCCS' custody mooted his RLUIPA claims against DOCCS and its officials and employees.

Moreover, Plaintiff has not met his burden of showing that this is an exceptional case in which the ""capable of repetition, yet evading review" exception applies. As Judge Foschio correctly found in the R&R, even assuming that Plaintiff is to be returned to Wende for the purpose of transfer to an RTF, Plaintiff has not shown that he has a reasonable expectation that he will be subject to the same alleged violations of his religious rights.

An examination of Plaintiff's pleadings shows that his allegations are rooted not in state-wide policy, but in the actions of individual employees of DOCCS at specific facilities. For example, Plaintiff contends that he was not permitted to possess prayer oils for use in his religious worship, but affirmatively alleges that the possession of such oils was permitted at some DOCCS facilities. *See* Docket No. 1 at ¶¶ 49-52. Similarly, Plaintiff alleges that it was personnel at Wende who prohibited him from shaving his body hair, when he had been allowed to do so at other DOCCS facilities. *Id*. at ¶¶ 53-55. Plaintiff also alleges

that DOCCS personnel at Wende refused to deliver a package containing religious items, despite the fact that he had previously been permitted to receive such a package while housed at the Great Meadow Correctional Facility. *Id*. at ¶¶ 31, 37-39. Plaintiff further alleges that individual corrections officers at Five Points Correctional Facility took and/or destroyed his religious items. *Id*. at ¶¶ 35-36. Accordingly, to show that he has a reasonable expectation of the conduct at issue repeating itself, it is not enough for Plaintiff to show that he is likely to be returned to DOCCS' custody upon expiration of his federal incarceration.

As Judge Foschio found in his R&R, and contrary to Plaintiff's arguments, there is no evidence that Plaintiff will be returned to Wende for any appreciable amount of time upon his release from federal custody. Pursuant to New York State regulations, any male person who is to be returned to "an institution under the jurisdiction of [DOCCS] for violation of parole or conditional or other release" must be delivered to certain enumerated facilities, of which Wende is one. N.Y. Comp. Codes R. & Regs. tit. 7, § 104.1. Presumably, this explains why the detainer in this case provides that Plaintiff shall be returned to Wende. However, nothing in the applicable regulations or the detainer suggests that Plaintiff will be housed at Wende upon his return. To the contrary, the detainer specifically notes that Plaintiff is to be returned to Wende "for purposes of RTF." Docket No. 17-2 at 5.

-7-

This Court cannot conclude that the use of Wende as a receiving institution to facilitate Plaintiff's transfer to an RTF satisfies the requirement that there be a "reasonable expectation" of a repeat violation.

Moreover, and again contrary to Plaintiff's arguments, it would be pure speculation for this Court to find a reasonable expectation that Plaintiff's religious rights would be violated in a DOCCS RTF. Plaintiff has never been housed in an RTF and has no evidence whatsoever to suggest that his religious rights would be violated in such a facility. As Defendants point out, New York Correction Law expressly provides that inmates housed in RTFs are permitted to leave the facility and are provided with programs "directed toward the rehabilitation and total reintegration into the community." N.Y. Correction Law § 73(1), (3). As such, the conditions in an RTF are plainly very different than those at the maximum security correctional facilities in which Plaintiff was previously housed.

In short, having reviewed the issue *de novo*, the Court agrees with Judge Foschio that Plaintiff has not born his burden of demonstrating the applicability of the ""capable of repetition, yet evading review" exception. Accordingly, the Court adopts the conclusions and recommendations set forth in the R&R.

### 2. Plaintiff is not Entitled to Jurisdictional Discovery

Plaintiff makes a cursory argument that he should have been afforded jurisdictional discovery prior to disposition of Defendants' motion to dismiss. As a threshold matter, Plaintiff failed to make this argument before Judge Foschio, and therefore arguably waived it. *See Stock Mkt. Recovery Consultants Inc. v. Watkins*, 2015 WL 5771997, at *3 (E.D.N.Y. Sept. 30, 2015) (noting that "[s]ome courts in this circuit have stated, as a general matter, that a party waives any arguments not presented to the magistrate judge") (internal quotation omitted).

In any event, Plaintiff has failed to demonstrate that he is entitled to jurisdictional discovery. "A party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011). Importantly, the Court will not permit jurisdictional discovery where it would be akin to a "fishing expedition." *Cernansky v. Lefebvre*, 88 F. Supp. 3d 299, 309 (D. Vt. 2015) (internal quotation omitted). Here, Plaintiff proposes that he be allowed to conduct discovery into "whether the conduct from DOCCS that gave rise to this lawsuit will be present at the RTF for which Plaintiff is destined" (Docket No. 27 at 6), which is the very definition of a fishing expedition. There are nine RTS in the DOCCS system, and Plaintiff apparently seeks full discovery into the conduct of the

personnel at each and every one. Similarly, Plaintiff's request that he be permitted to conduct discovery into "how long a detainee may expect to be incarcerated . . . at Wende, upon intake from the federal system" (*Id*.) is without basis in the record. As discussed above, there is no indication that Plaintiff will be incarcerated at Wende upon his return from federal custody, as opposed to being processed at that facility.

As set forth above, the record currently before the Court supports the conclusion that Plaintiff's claims are moot. Plaintiff has not shown that additional jurisdictional discovery is necessary for resolution of the instant motion to dismiss.

### III. Conclusion

For the reasons set forth in Judge Foschio's thorough R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 25) is hereby adopted in its entirety, and Defendants' motion to dismiss (Docket No. 12) is granted. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

    **S/Michael A. Telesca**
    _____
    MICHAEL A. TELESCA
    United States District Judge

Dated:   January 24, 2018
         Rochester, New York